

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00708-CR

Jonathan **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR3418
Honorable Kristina Escalona, Judge Presiding

PER CURIAM

Sitting:      Beth Watkins, Justice
               Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: September 27, 2023

DISMISSED

Appellant Jonathan Martinez entered into a plea bargain with the State pursuant to which he pleaded nolo contendere to aggravated assault with a deadly weapon. The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant filed a notice of appeal, and the district clerk filed a copy of the clerk's record, which includes the trial court's Rule 25.2(a)(2) certification and a written plea bargain agreement. *See id.* R. 25.2(d). We

must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*.

Here, the clerk's record establishes the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* R. 25.2(a)(2). The record also supports the trial court's certification that appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certificate is accurate).

On August 11, 2023, we ordered that this appeal would be dismissed pursuant to Rule 25.2(d) unless an amended trial court certification showing that appellant has the right to appeal was made part of the appellate record by September 11, 2023. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Dears*, 154 S.W.3d at 614; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). Neither an amended certification nor other response has been filed. We therefore dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH